Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Justin D. Luman;<br><br>Plaintiff,<br><br>v.<br><br>Arrow Financial Services LLC; and Northland Group, Inc.;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff resides in Maricopa County, Arizona.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3) and FCRA § 1681a(c).

5. Defendant Arrow Financial Services LLC is a foreign limited liability company doing business within the state of Arizona as a collection agency.

6. Arrow is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0901932.

7. Arrow collects or attempts to collect debts owed or asserted to be owed or due another.

8. In the alternative, Arrow collects or attempts to collect debts it has purchased or acquired after default.

9. Arrow is a "debt collector" as that term is defined by FDCPA § 1692a(6).

10. Defendant Northland Group, Inc. is a foreign corporation doing business within the state of Arizona as a collection agency.

11. Northland is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0901800.

12. Northland collects or attempts to collect debts owed or asserted to be owed or due another.

13. In the alternative, Northland collects or attempts to collect debts

it has purchased or acquired after default.

14. Northland is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

15. In October 2009, Arrow filed a lawsuit in Maricopa County Superior Court against Plaintiff in an attempt to collect an alleged debt it claims to have purchased from FIA Card Services, N.A. (Bank of America) after default.

16. Arrow identified the account in the lawsuit by the number 4313880999359721.

17. Any charges made by Plaintiff on any Bank of America credit card would have been made solely for personal, family or household purposes.

18. Plaintiff challenged Arrow's claims in the lawsuit, and prevailed at the arbitration hearing.

19. Ultimately, the lawsuit was dismissed by the court with prejudice on February 28, 2011.

20. Despite the court's dismissal of the case with prejudice, Arrow has continued to attempt to collect the alleged debt from Plaintiff.

21. Subsequent to the dismissal, upon information and belief, Arrow assigned the alleged debt to Northland for collection purposes.

22. Upon information and belief, when Arrow assigned the account to Northland, it failed to notify Northland that Plaintiff was represented by counsel concerning the alleged debt.

23. Upon information and belief, when Arrow assigned the account to

Northland, it failed to notify Northland that Plaintiff disputed the alleged debt.

24. On or about July 11, 2011, Northland sent a collection letter to Plaintiff to collect the alleged debt.

25. In its letter, Northland claimed that $19,945.26 was owed to Arrow Financial Services with an original account number ending in 9721.

26. Despite the fact that Arrow's lawsuit to collect this alleged debt was dismissed with prejudice, Arrow through its collection agency Northland continued to attempt to collect the alleged debt from Plaintiff.

27. In or about December 2011, or January 2012, Arrow sold the account identified by account number 4313880999359721 to LVNV Funding, LLC.

28. Upon information and belief, Arrow did not notify LVNV that the account was disputed by Plaintiff.

29. Moreover, upon information and belief, Arrow did not notify LVNV that the account had been sued upon by Arrow, and that the case had been dismissed with prejudice.

30. Upon information and belief, when Arrow sold or transferred the account to LVNV, it failed to notify LVNV that Plaintiff was represented by counsel concerning the alleged debt.

31. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendants Arrow's and Northland's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, and 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g.

34. As a direct result and proximate cause of Defendants actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages;

b) Statutory damages;

c) Costs and reasonable attorney's fees; and

d) Such other relief as may be just and proper.

/ / /

/ / /

DATED January 23, 2012 .

s/ Floyd W. Bybee

Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff